IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| STEPHEN P. HROBUCHAK, JR., | : | BANKRUPTCY NO.: 5-14-bk-02098-JJT |
| | : | {**Nature of Proceeding**: Motion for |
| DEBTOR | : | Reconsideration (Doc. #36)} |

# OPINION[1]

On October 23, 2014, following oral argument in both support and opposition to a

Motion for Summary Judgment filed by the petitioning creditors in the above-captioned

involuntary Chapter 7 case, the Court granted the Motion and adjudicated Stephen P. Hrobuchak,

Jr. as a Chapter 7 Debtor pursuant to 11 U.S.C. § 303.  For consideration and resolution is the

Chapter 7 Debtor's Motion for Reconsideration of the Order adjudicating him a Chapter 7

Debtor.

The Debtor's position consistent throughout the procedural posture of this case from his

initial response to the Involuntary Petition by way of a Motion to Dismiss (Doc. #12) through

oral argument on the Motion for Summary Judgment and in the instant Motion for

Reconsideration is that the Involuntary Petition was filed in bad faith by the two petitioning

creditors because they knew, or should have known, that the Debtor had fourteen or more

creditors.  While the Debtor contended that there were other badges of bad faith by the

petitioning creditors, such as using the involuntary bankruptcy process as a mechanism for debt

collection, and their claimed inappropriate attempts to convince unwilling creditors to join in the

involuntary petition, central to the Debtor's argument is the bad faith surrounding the petitioning

---

[1]  Drafted with the assistance of Richard P. Rogers, Law Clerk.

[K:\Cathy\Opinions-Orders filed 2015\5-14-bk-02098-JJT_Hrobuchak.pdf]

creditors' knowledge of the existence of fourteen or more creditors.

Also consistent throughout these proceedings is the petitioning creditors' position that they believed the Debtor had fewer than twelve creditors and, therefore, had the appropriate number of petitioning creditors under the dictates of the United States Bankruptcy Code. Their argument continues that the Debtor also failed to participate in several discovery requests and stymied an effort to determine the exact nature and number of the Debtor's creditors.

The core of Debtor's Motion for Reconsideration is found in paragraph three of the Motion which reads that "[t]his Court may have mistakenly interpreted the Bankruptcy Code as containing no express requirement that an involuntary petition be filed in good faith and that bad faith should only be addressed by the Court after the involuntary petition has been dismissed." The Court believes the Debtor misapprehended the Court's adjudication and the perceived role in that adjudication of the concept of good faith and bad faith in filing an involuntary petition.

The Court's analysis starts with the position that there is a presumption of good faith in favor of the petitioning creditors, and therefore, the alleged Debtor has the burden of proving bad faith. *In re Bayshore Wire Products Corp*., 209 F.3d 100 (2d Cir. 2000). While there is no statutory prerequisite that an involuntary petition must be filed in good faith, the Court, nonetheless, embraces the concept that good faith reverberates through many provisions of the United States Bankruptcy Code and has been recognized as a prerequisite to certain filings such as found in *In re Tamecki*, 229 F.3d 205 (3d Cir. 2000). During the colloquy with Debtor's counsel, the Court questioned several times if there was any significance to whether the Debtor had fewer than twelve creditors as opposed to fourteen or more. In this regard, if the creditor had less than twelve creditors, then the statutory requirement of having one or more petitioning

creditors was met. If, on the other hand, the Debtor had more than fourteen creditors, then the requirement of having three creditors filing a petition was also met, inasmuch as, prior to the adjudication of the Debtor, Orix Financial Services, Inc. joined as a petitioning creditor. (Doc. #19, June 17, 2014) The Debtor argues that the joinder of Orix did not cure the bad faith involuntary filing by the original two petitioning creditors. I opined, on the record, that a determination of bad faith might be of consequence in a determination of an award of attorney's fees and damages under 11 U.S.C. § 303(I) but would not play a role in whether the statutory requirement of having three petitioning creditors was met when the joinder of the third creditor was, in fact, contemplated by 11 U.S.C. § 303(c). In support of this position, the Court cites to and adopts the reasoning of the case of *Fetner v. Haggerty*, 99 F.3d 1180 (D.C. Cir. 1996). Therein, the Court found that a bad faith petition would not bar the joinder of other valid claims. As I discussed with the parties at the time of the hearing, the *Fetner* Court also recognized that there are other methods available to address bad faith filers without punishing the properly joined creditors. In support, the Court cited 11 U.S.C. § 303(i)(2)(A) and (B). I agree with the *Fetner* Court's position that "dismissing the petition would merely postpone the inevitable in an area where time is of the essence." *Id.* at 1181. See also *In re FKF Madison Park Group Owner, LLC*, 435 B.R. 906 (Bkrtcy. D.Del. 2010).

Another badge of bad faith cited by the Debtor was the contents of emails sent to other creditors requesting their joinder in the petition with the cost of such joinder being shouldered solely by the original petitioning creditors. The Court can conceive of no reason why solicitation of other creditors to join in an involuntary petition would be an evidence of bad faith of the petitioning creditors. *In re All Media Properties, Inc.*, 5 B.R. 126 (Bkrtcy. S.D.Tx. 1980)

*affirmed* at 646 F.2d 193 (5th Cir. 1981). Related to this argument by the Debtor was an allegation that the petitioning creditors were using the Bankruptcy Court as a court of collection and to harass, annoy, and embarrass the Debtor all for purposes not fundamental to the proper invocation of the jurisdiction of the Bankruptcy Court. The Debtor cites *Forever Green Athletic Fields, Inc. v. Dawson*, 514 B.R. 768, 785 (E.D. Pa. 2014). The Court finds, after a review of the record, that there was no showing of an improper purpose in invoking the Court's jurisdiction. It is true that the petitioning creditors were owed money and, in all certainty, want to have their claim paid to the fullest extent provided by the Bankruptcy Code. The petitioning creditors believed that a fraudulent dissipation of Debtor's assets was imminent and were attempting to forestall any dissipation of assets from the reach of bona fide creditors.

It is for all of the above reasons that the Court finds it did not make any errors of law or fact. Therefore, I will deny the Motion for Reconsideration under Federal Rule of Bankruptcy Procedure 9023. Likewise, the Debtor did not present to the Court any reason to grant relief under Federal Rule of Bankruptcy Procedure 9024 (Relief from a Judgment or Order), and relief under that Rule is also denied.

My Order will follow.

By the Court,

Date: April 8, 2015

John J. Thomas, Bankruptcy Judge

**(CMS)**